# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TRENELL SCOTT,**
        **Plaintiff,**

        v.                                    Case No. 05-C-1280

**MILWAUKEE POLICE DEPARTMENT,**
**SUSAN STIRMEL, and ERIC DEVRIES,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Trenell Scott, who is presently detained at the Milwaukee County Jail, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has paid an initial partial filing fee of $2.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff alleges that excessive force was used in connection with his arrest on June 8, 2005. He states:

> On June 8, 2005, I and Mark Hatcher, were pulled over by the above mention [sic] officers. I was snatched by my shirt out of the car and was giving [sic] no reason. Officer Susan Stirmel, immediately put handcuffs on my wrists so tight that they cause my wrists to start bleeding badly, when I complained to the officers about how tight the handcuffs where [sic] Officer Susan Stirmel, began cursing and assaulting me, by pushing me into the car face first and I ask why I being treated this way? She began to make racial

3

comments to me. These acts against me were malicious, illegal and against state and Federal Law.

Where an excessive force claim arises in the context of an arrest of a free citizen, it invokes the protections of the Fourth Amendment to the United States Constitution, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. Graham v. Connor, 490 U.S. 386, 394 (1989). The court assesses whether an officer's actions were objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Smith v. City of Chicago, 242 F.3d 737, 743 (7th Cir. 2001) (quoting Graham, 490 U.S. at 397). This reasonableness test requires careful attention to the circumstances of each particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Moreover, it is well-established that "[a]n official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

The plaintiff has alleged sufficient facts to support a claim that his Fourth Amendment rights were violated against defendants Stirmel and Devries.

The complaint does not contain any allegations with respect to defendant Milwaukee Police Department although it is named in the caption of the complaint. Although local governmental entitites are "persons" for purposes of §1983, liability against such entities may not arise vicariously and therefore, may not be held liable under §1983 on a

respondeat superior basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Instead, local governmental entities are liable only for acts which the entity itself is responsible, meaning acts that the entity has embraced as policy or custom. Id. at 690-91, 694. Unconstitutional policies can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Because the plaintiff has not alleged any facts indicating that defendant Milwaukee Police Department has embraced any unconstitutional policies or customs, it will be dismissed from this action.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* be and hereby is **GRANTED** with respect to his claims against defendants Stirmel and Devries.

**IT IS THEREFORE ORDERED** that defendant Milwaukee Police Department be and hereby is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the waiver and/or summons and a copy of this order upon the defendants pursuant to Rule 4, Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

5

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $248.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff, 949 North 9th Street, Milwaukee, Wisconsin, 53233.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 13 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge